UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:15-CR-199 (CEJ) |
| KHELBY L. CALMESE, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Pursuant to 28 U.S.C. § 636(b), all pretrial matters in this case were referred to United States Magistrate Judge Shirley Padmore Mensah for determination and recommended disposition, where appropriate. On October 7, 2016, Judge Mensah issued a Report and Recommendation with respect to the motions filed by defendant Khelby L. Calmese to suppress evidence and statements. The defendant has now filed objections to the recommendation that his motions be denied. The United States has not filed a response and the time allowed for doing so has expired.

Pursuant to 28 U.S.C. § 636(b)(1), the district judge is required to make a *de novo* determination of the specified proposed findings and recommendations of the magistrate judge to which objection is made. Here, the Court has reviewed the defendant's motions, the government's responses, and the testimony and evidence presented at the suppression hearing.

### A. Warrantless Arrest of Defendant

According to the evidence, the police made a decision to stop the defendant after they observed him failing to obey a stop sign, failing to use his vehicle's turn

signal, and driving erratically and at a high rate of speed. The traffic violations established probable cause for the stop. *See United States v. Gunnell*, 775 F.3d 1079, 1083 (8th Cir. 2015) (police had probable cause to conduct a traffic stop after observing defendant exceed the speed limit). Thus, the police did not violate the defendant's rights by approaching the defendant to investigate the traffic violations.

However, before the police could effect a traffic stop, the defendant engaged in conduct that was unusual under the circumstances and that served to raise the officers' suspicions. He abruptly parked and exited his car, leaving the door open and the lights on, and began walking toward an apartment building. When an officer approached and said he wanted to talk to the defendant about his driving, the defendant continued walking away. He did not stop walking even when ordered to do so. The defendant then pulled out a firearm and began running. He entered the apartment building, leaving the door open and keys in the lock. Based on the defendant's conduct, the officers had a reasonable, articulable suspicion of criminal activity sufficient to justify an investigatory stop. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968); *United States v. Horton*, 611 F.3d 936, 940 (8th Cir. 2010). It is immaterial that carrying a concealed firearm is legal under Missouri law or that the police did not know that the defendant was a convicted felon. It is the totality of the defendant's conduct that justified the actions taken by the police. *See United States v. Linkous*, 285 F.3d 716, 720 (8th Cir. 2002) ("Whether an officer has reasonable suspicion to expand the scope of a traffic stop is determined by looking at 'the totality of the circumstances, in light of the officer's experience.'" [*quoting United States v. Dodson*, 109 F. 3d 486, 488 (8th Cir. 1997)]).

Moreover, under Missouri law, the crime of resisting arrest is committed when a person flees from a police officer attempting to make a lawful arrest, stop or detention. Mo. Rev. Stat. 575.150. Thus, the defendant's refusal to stop to address the traffic violations when he was asked to do so by a police officer established probable cause to believe that he was committing a crime. *See United States v. Sledge*, 460 F.3d 963, 966 (8th Cir. 2006) (there was probable cause to arrest defendant for obstructing a peace officer, in violation of Nebraska law, when defendant ran from police during an investigatory detention).

The Court concludes that the defendant's arrest did not violate the Fourth Amendment.

B. **Defendant's Statements**

The evidence presented during the suppression hearing establishes that the defendant was given the *Miranda* warnings after being taken into custody by the police. *See Miranda v.* Arizona, 384 U.S. 436, 470-72 (1966). The evidence further establishes that the defendant acknowledged that he understood his rights, he was not under the influence of drugs or alcohol, and he was not threatened or otherwise coerced to make a statement.

The defendant argues that the absence of a signed, written waiver of his rights impugns the credibility of the police officers. However, nothing in *Miranda* or its progeny requires that an effective waiver of rights be in writing. In determining whether a statement should be suppressed, the focus is on the voluntariness of the defendant's statement. And voluntariness does not depend on whether the waiver of rights was made orally or in writing.

The Court concludes that the defendant's statements were voluntarily made and no Fifth Amendment violation occurred. Therefore, the statements will not be suppressed.

C. **Warrantless Searches**

After the defendant was given the *Miranda* warnings, he signed a consent to search form giving the police permission to search his vehicle and the apartment he entered. It is undisputed that no threats, promises, or deceptive measures were employed by the police to procure the defendant's consent. Further, the form he signed clearly advised him of his right to refuse to consent. Thus, the evidence establishes that the defendant's consent to the search was voluntary. The fact that the defendant was in custody at the time he consented to the search does not vitiate the voluntariness of his consent. *See United States v.* Beasley, 688 F.3d 523, 531 (8th Cir. 2012). The search of the vehicle and apartment did not violate the Fourth Amendment.

***

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Shirley Padmore Mensah is sustained, adopted, and incorporated herein [Doc. # 92].

**IT IS FURTHER ORDERED** that the motions of defendant Khelby L. Calmese to suppress evidence and statements [Doc. ## 78 & 90] are **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of November, 2016.